# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH HENTHORN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01350-TWP-TAB |
| FISH, J. HOOD, MESSER, and BURGE, | ) ) ) |
| Defendants. | ) ) |

## ORDER ON MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed by Plaintiff Joseph Henthorn ("Henthorn"). (Dkt. 12). On January 23, 2024, the Court dismissed Henthorn's complaint and entered final judgment because he failed to file an inmate trust account statement to support his motion for leave to proceed *in forma pauperis.* despite being ordered to do so multiple times. Dkts. 10, 11. For the reasons stated below, the motion is **denied**.

### I.    Legal Standard

Henthorn's motion to reconsider was filed, at the earliest, on February 23, 2024, which is more than 28 days after judgment was entered in this case, so the Court considers it to be a motion for relief from the Court's judgment under Federal Rule of Civil Procedure 60(b).[1] Relief under

---

[1] Mr. Henthorn's motion is dated February 14, 2024, but it does not include a certificate of service certifying that he placed the motion in his prison's mailing system on that date, so he does not get the benefit of that filing date under the so-called prison mailbox rule, which requires the Court to deem a prisoner's filing as "filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk," *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015). The only evidence of when Mr. Henthorn placed the motion in his prison's mailing system is the postmark on the transmission envelope, which reads February 23, 2024. Dkt. 12-1. February 23 is more than 28 days after January 23, 2024, so the Court considers the motion under Rule 60. Even if the motion was filed within the 28-day limit of Rule 59, though, the Court would still deny it. A motion to reconsider dismissal of an action under Rule 59(e) must show either that the court "committed a manifest error of law or fact" or that "newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). For the reasons explained in this Order, Mr. Henthorn has not made that showing.

Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). As relevant here, Rule 60(b) allows a court to relieve a party of a final judgment or order based on "mistake" or "excusable neglect." Fed. R. Civ. P. 60(b)(1).

## II.   Discussion

Henthorn argues that the Court should reconsider its dismissal of this case because he was unable to supply the required inmate trust account statement within the time allowed by the Court. Dkt. 12 at 1. He explains that he is housed in the segregation unit at Westville Correctional Facility, which makes it difficult for him to complete legal work. *Id.* at 1–2. He also represents that he has made numerous requests to Westville's business office to obtain the required trust statement but that no statement has been provided to him. *Id.* at 2.

But Henthorn's transfer to Westville is relatively recent. He was housed at New Castle Correctional Facility when he filed his motion for leave to proceed *in forma pauperis*, *see* dkt. 6 at 1, and the Court sent the first notice directing Henthorn to file the required inmate trust account statement to him there, *see* dkt. 8. The mailing was not returned, so the Court concludes that Henthorn received it.[2] Henthorn missed the deadline to file the statement by several weeks, at which point the Court issued an Entry giving him more time to file the trust statement or "explain why doing so is not possible." Dkt. 9. That Entry, too, was sent to New Castle and not returned, so the Court concludes that Henthorn received it. Henthorn allowed the extended deadline to lapse without further communication to the Court, at which point the Court dismissed the case, mailing the Order dismissing the case and the Final Judgment to him at New Castle. Dkts. 10, 11. Those mailings also were not returned, so the Court concludes that Henthorn received them.

---

[2] The Court notes that Henthorn does not claim that he did not receive any of the Court's Orders related to the filing fee.

...

It may be true that, by the time he filed his motion to reconsider, Henthorn was housed at Westville and that Westville staff failed to respond to his requests for an inmate trust account statement. But Henthorn has not explained why he ignored the Court's October 25, 2023, Order directing him to file the trust account statement, and he has not explained why he ignored the Court's December 18, 2023, Entry directing him to file the trust account statement or "explain why doing so is not possible." He does not suggest that he ever tried to get a trust account statement before he left New Castle or claim that New Castle officials also ignored his requests for the statement.

Accordingly, Henthorn has not demonstrated the existence of excusable neglect or any other reason that would justify reconsidering the Court's decision to dismiss this case. It "is well established that carelessness or a lack of due care on the part of a litigant . . . does not provide a basis for relief under Rule 60)b)." *McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir. 1988). As a result, Henthorn's motion to reconsider, dkt. [12], is **denied**.

The Court notes that its dismissal of this case was without prejudice, *see* dkt. 11, and that the two-year statute of limitations on Henthorn's claims—which date from June 2023, *see* dkt. 1 at 6—has not yet expired. Nothing about the Court's dismissal of this case prevents him from promptly filing a new lawsuit pursuing these claims.

**IT IS SO ORDERED.**

Date: 4/18/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH HENTHORN
255319
WESTVILLE - CF
WESTVILLE CORRECTIONAL
FACILITY Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391